## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

IRA HOLTZMAN, individually and as the )
representative of a class of similarly-situated )
persons, )
        **Plaintiff,** )
  )
v. )
  )
NORTH AMERICAN PROFESSIONAL )
LIABILITY INSURANCE AGENCY, LLC, )
  )
        **Defendant.** )

```
FILED: MARCH 28, 2008
08CV1798              EDA
JUDGE ZAGEL
MAGISTRATE JUDGE SCHENKIER
```

### PETITION FOR REMOVAL

TO:    The Honorable Judges of the United States District Court
       for the Northern District of Illinois

Petitioner/Defendant, NORTH AMERICAN PROFESSIONAL LIABILITY

INSURANCE AGENCY (hereinafter "NAPLIA"), by and through its attorneys, Clausen Miller

P.C., respectfully submits this Petition for Removal of this action pursuant to 28 U.S.C. §1441,

*et. seq.* In support of its Petition for Removal, Petitioner states:

    1.    This is a civil action over which the District Courts of the United States have

original jurisdiction as provided in 28 U.S.C. §1331, because a federal question exists. Count I

of Plaintiff's Complaint alleges a violation of the Telephone Consumer Protection Act, 47 U.S.C.

§227. *See Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446 (7th Cir. 2005). Accordingly,

this action is removable to this Court pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441.

    2.    This cause is now pending in the Circuit Court of Cook County, Illinois, under the

name *Ira Holtzman, individually and as the representative of a class of similarly-situated*

*persons v. North American Professional Liability Insurance Agency, LLC*, Case No. 08 CH 5717.

3.      Pursuant to the provisions of 28 U.S.C. §1446, Petitioner/Defendant NAPLIA attaches as Exhibit A and incorporates herein a copy of the Summons and Complaint filed in the Circuit Court of Cook County, Illinois.

4.      Removal of such action or proceeding to this United States District Court is timely pursuant to 28 U.S.C. §1446(b), because this Petition for Removal has been filed within thirty days (30) after the Complaint was served on February 27, 2008.

5.      Petitioner/Defendant NAPLIA desires and is entitled to have this cause moved from the Circuit Court of Cook County, Illinois, to the United States District Court for the Northern District of Illinois.  This Court has original jurisdiction of the above-entitled action pursuant to 28 U.S.C. §1331, and the action may, therefore, be removed to this Court pursuant to 28 U.S.C. §1441.

6.      As required by law, written notice of the filing of this Petition for Removal has been given to Plaintiff.  A true copy of the Notice  will also be filed with the Clerk of the Circuit Court of Cook County, Illinois.

WHEREFORE, Petitioner requests that the above-entitled action be removed from the Circuit Court of Cook County, Illinois to this Court, and, henceforth, that this action be placed on the docket of this Court for further proceedings as though this action had originally been instituted in this Court.

Dated:  March 28, 2008

Respectfully Submitted,

North American Professional Liability Insurance Agency, LLC

By:    _/s/ Maria Z. Vathis_____

Thomas H. Ryerson
Maria Z. Vathis
CLAUSEN MILLER P.C.
Firm I.D. No. 90181
10 South LaSalle Street
Chicago, Illinois  60603-1098
312/855-1010
Attorneys for Petitioner North American Professional Liability Insurance Agency, LLC

STATE OF ILLINOIS    )
                     ) SS
COUNTY OF COOK       )

### CERTIFICATE OF SERVICE

The undersigned after being duly sworn, deposes and says that he/she served a copy of this **Petition for Removal** upon:

Brian J. Wanca
Anderson + Wanca
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008

Phillip A. Bock
DIAB & BOCK, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602

at the address listed above via U.S. Mail on the **28th** day of **March, 2008**.

_Linda Scotts_

Subscribed and sworn to before me

this 28th day of March, 2008.

_Deborah Amedee_
Notary Public

OFFICIAL SEAL
DEBORAH AMEDEE
NOTARY PUBLIC STATE OF ILLINOIS
MY COMMISSION EXPIRES 01/08/2012

4

1176266.1

☑ 003/023

CONSTABLES OFFICE OF NJ
08CV1798                    EDA

JUDGE ZAGEL

| | | |
|---|---|---|
| 2120 – Served | 2121 – Served | MAGISTRATE JUDGE SCHENKIER |
| 2220 – Not Served | 2221 – Not Served | |
| 2320 – Served By Mail | 2321 – Served By Mail | |
| 2420 – Served By Publication | 2421 – Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | CCG N001-10M-1-07-05 ( |

A TRUE COPY ATTEST
DAVID D. AYLES, PROCESS SERVER
AND DISINTERESTED PERSON

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, CHANCERY _____ DIVISION

(Name all parties)

Ira Holtzman, individually and as the representative of a class
of similarly-situated persons, Plaintiff

v.

North American Professional Liability Insurance Agency,
LLC, Defendant

}

No. _____

Serve: North American Professional
Liability Insurance Agency, LLC
c/o Gary Sutherland, Registered Agent
5 Whittier Street
Framingham, MA 01701

### SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room 802 _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60426

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 51306

Name: Brian J. Wanca of Anderson + Wanca

Atty. for: Plaintiff

Address: 3701 Algonquin Road, Suite 760

City/State/Zip: Rolling Meadows, IL 60008

Telephone: 847/368-1500

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____

DOROTHY BROWN          FEB 14 2008
Clerk of Court

Date of service: _____
(To be inserted by officer on copy left with defendant
or other person)

(Area Code)   (Facsimile Telephone Number)

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINO



EXHIBIT
A

02/26/2008 13:29 FAX  908 687 0573        CONSTABLES OFFICE OF NJ                                    ☑006/023

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

IRA HOLTZMAN, individually and as the )
representative of a class of similarly-situated )
persons, )
                 )
                 )
          Plaintiff, )
                 )    No.
     v. )
                 )
NORTH AMERICAN PROFESSIONAL )
LIABILITY INSURANCE AGENCY, )
LLC, )
                 )
         Defendant. )

### CLASS ACTION COMPLAINT

Plaintiff, IRA HOLTZMAN ("Plaintiff"), brings this action on behalf of himself and all other persons similarly situated, through his attorneys, and except as to those allegations pertaining to Plaintiff or his attorneys, which allegations are based upon personal knowledge, alleges the following upon information and belief against Defendant, NORTH AMERICAN PROFESSIONAL LIABILITY INSURANCE AGENCY, LLC.

### PRELIMINARY STATEMENT

1.     This case challenges Defendant's practice of faxing unsolicited advertisements.

2.     The federal Telephone Consumer Protection Act, 47 USC § 227, prohibits a person or entity from faxing or having an agent fax advertisements without the recipient's prior express invitation or permission ("junk faxes" or "unsolicited faxes"). The TCPA provides a private right of action and provides statutory damages of $500 per violation.

3.     Unsolicited faxes damage their recipients. A junk fax recipient loses the use of its fax machine, paper, and ink toner. An unsolicited fax wastes the recipient's valuable time

that would have been spent on something else. A junk fax interrupts the recipient's privacy. Unsolicited faxes prevent fax machines from receiving authorized faxes, prevent their use for authorized outgoing faxes, cause undue wear and tear on the recipients' fax machines, and require additional labor to attempt to discern the source and purpose of the unsolicited message.

4.  On behalf of himself and all others similarly situated, Plaintiff brings this case as a class action asserting claims against Defendant under the TCPA, the common law of conversion, and the consumer protection statutes forbidding and compensating unfair business practices.

5.  Plaintiff seeks an award of statutory damages for each violation of the TCPA.

## JURISDICTION AND VENUE

6.  Jurisdiction is conferred by 735 ILCS 5/2-209 in that Defendant has transacted business and committed tortious acts related to the matters complained of herein.

7.  Venue is proper in Cook County pursuant to 735 ILCS 5/2-101, et seq. because some of the tortious acts complained of occurred in Cook County, Illinois.

8.  Federal jurisdiction does not exist because no federal question or claim is asserted and Plaintiffs' individual claims are worth less than $75,000.00, inclusive of all forms of damages and fees. Plaintiff expressly disclaims any individual recovery in excess of $75,000.00, inclusive of all forms of damages and fees.

## PARTIES

9.  Plaintiff is a resident of Cook County, Illinois.

2

02/26/2008 15:25 FAX  908 887 0573          CONSTABLES OFFICE OF NJ                    ☑008/023

10.    On information and belief, Defendant, NORTH AMERICAN PROFESSIONAL LIABILITY INSURANCE AGENCY, LLC, is a foreign limited liability company with an office in Warrington, Pennsylvania.

## FACTS

11.    On or about February 5, 2008, Defendant faxed an advertisement to Plaintiff. A copy of the facsimile is attached hereto as Exhibit A.

12.    Plaintiff had not invited or given permission to Defendant to send fax advertisements.

13.    On information and belief, Defendant faxed the same and similar advertisements to Plaintiff and more than 39 other recipients without first receiving the recipients' express permission or invitation.

14.    There is no reasonable means for Plaintiff (or any other class member) to avoid receiving illegal faxes. Fax machines are left on and ready to receive the urgent communications their owners desire to receive.

## COUNT I
## TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227

15.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

16.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count I pursuant to the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons:

> All persons who (1) on or after four years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or

3

02/26/2008 15:29 FAX  908 687 0573        CONSTABLES OFFICE OF NJ                                           Ø009/023

invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

17.    A class action is warranted because:

(a)    On information and belief, the class includes forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over questions affecting only individual class members, including without limitation:

(i)    Whether Defendant sent unsolicited fax advertisements;

(ii)    Whether Defendant's facsimiles advertised the commercial availability of property, goods, or services;

(iii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iv)    Whether Defendant faxed advertisements without first obtaining the recipients' express permission or invitation;

(v)    Whether Defendant violated the provisions of 47 USC § 227;

(vi)    Whether Plaintiff and the other class members are entitled to statutory damages;

(vii)    Whether Defendant should be enjoined from faxing advertisements in the future; and

(viii)    Whether the Court should award trebled damages.

18.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff's counsel are experienced in handling class actions and claims involving

4

02/26/2008 13:29 FAX  908 587 0573          CONSTABLES OFFICE OF NJ                          ☑010/023

unsolicited advertising faxes. Neither Plaintiff nor Plaintiff's counsel has any interests adverse or in conflict with the absent class members.

19.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of each individual class member in controlling the prosecution of separate claims is small and individual actions are not economically feasible.

20.    The TCPA prohibits the "use of any telephone facsimile machine, computer or other device to send an unsolicited advertisement to a telephone facsimile machine...." 47 U.S.C. § 227(b)(1).

21.    The TCPA defines "unsolicited advertisement," as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's express invitation or permission." 47 U.S.C. § 227(a)(4).

22.    The TCPA provides:

>    3.    <u>Private right of action</u>. A person may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
>>    (A)    An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>>
>>    (B)    An action to recover for actual monetary loss from such a violation, or to receive $500 in damages for each such violation, whichever is greater, or
>>
>>    (C)    Both such actions.

23.    The Court, in its discretion, can treble the statutory damages if the violation was knowing. 47 U.S.C. § 227.

24.    Defendant violated the 47 U.S.C. § 227 et seq. by sending advertising faxes (such as Exhibit A) to Plaintiff and the other members of the class without first obtaining their prior express invitation or permission.

25.    The TCPA is a strict liability statute and Defendant is liable to Plaintiff and the other class members even if its actions were only negligent.

26.    Defendant knew or should have known that Plaintiff and the other class members had not given express invitation or permission for Defendant or anybody else to fax advertisements about Defendant's goods or services.

27.    Defendant's actions caused damages to Plaintiff and the other class members. Receiving Defendant's junk faxes caused the recipients to lose paper and toner consumed in the printing of Defendant's faxes.  Moreover, Defendant's faxes used Plaintiff's fax machine. Defendant's faxes cost Plaintiff time, as Plaintiff and its employees wasted their time receiving, reviewing and routing Defendant's illegal faxes.  That time otherwise would have been spent on Plaintiff's business activities.  Finally, Defendant's faxes unlawfully interrupted Plaintiff's and the other class members' privacy interests in being left alone.

28.    Even if Defendant did not intend to cause damage to Plaintiff and the other class members, did not intend to violate their privacy, and did not intend to waste the recipients' valuable time with Defendant's advertisements, those facts are irrelevant because the TCPA is a strict liability statute.

WHEREFORE, Plaintiff, IRA HOLTZMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, NORTH AMERICAN PROFESSIONAL LIABILITY INSURANCE AGENCY, LLC, as follows:

02/26/2008 13:23 FAX  308 687 0573    CONSTABLES OFFICE OF NJ    ☑ 012/023

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award $500.00 in damages for each violation of the TCPA;

C.    That the Court enter an injunction prohibiting Defendant from engaging in the statutory violations at issue in this action; and

D.    That the Court award costs and such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 per individual, inclusive of all damages and fees.

## COUNT II
## CONVERSION

29.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

30.    In accordance with 735 ILCS 5/2-801, Plaintiff brings Count II for conversion under the common law for the following class of persons:

> All persons (1) who on or after a date five years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

31.    A class action is proper in that:

(a)    On information and belief the class consists of forty or more persons and is so numerous that joinder of all members is impracticable.

(b)    There are questions of fact or law common to the class predominating over all questions affecting only individual class members, including:

(i)    Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements; and

(iii)    Whether Defendant committed the tort of conversion.

32.    Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who is experienced in handling class actions and claims involving unlawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

33.    A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

34.    By sending Plaintiff and the other class members unsolicited faxes, Defendant improperly and unlawfully converted their fax machines, toner and paper to its own use. Defendant also converted Plaintiff's employees' time to Defendant's own use.

35.    Immediately prior to the sending of the unsolicited faxes, Plaintiff and the other class members owned an unqualified and immediate right to possession of their fax machines, paper, toner, and employee time.

36.    By sending the unsolicited faxes, Defendant permanently misappropriated the class members' fax machines, toner, paper, and employee time to Defendant's own use. Such misappropriation was wrongful and without authorization.

8

02/26/2008 13:30 FAX  906 681 0573        CONSTABLES OFFICE OF NJ                     ✆014/023

37.    Defendant knew or should have known that its misappropriation of paper, toner, and employee time was wrongful and without authorization.

38.    Plaintiff and the other class members were deprived of the use of the fax machines, paper, toner, and employee time, which could no longer be used for any other purpose. Plaintiff and each class member thereby suffered damages as a result of their receipt of unsolicited fax advertisements from Defendant.

39.    Each of Defendant's unsolicited fax advertisements effectively stole Plaintiff's employees' time because multiple persons employed by Plaintiff were involved in receiving, routing, and reviewing Defendant's illegal faxes. Defendant knew or should have known employees' time is valuable to Plaintiff.

40.    Defendant's actions caused damages to Plaintiff and the other members of the class because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner as a result. Defendant's actions prevented Plaintiff's fax machines from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machines for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes, and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, IRA HOLTZMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, NORTH AMERICAN PROFESSIONAL LIABILITY INSURANCE AGENCY, LLC, as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the representative of the class, and appoint Plaintiff' counsel as counsel for the class;

B.    That the Court award appropriate damages;

C.    That the Court award costs of suit; and

D.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual class member.

## COUNT III
## ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
### 815 ILCS 505/2

41.    Plaintiff incorporates the preceding paragraphs as though fully set forth herein.

42.    In accordance with 735 ILCS 5/2-801, Plaintiff, on behalf of the following class of persons, bring Count III for Defendant's unfair practice of sending unsolicited and unlawful fax advertisements:

> All persons in Illinois who (1) on or after a date three years prior to the filing of this action, (2) were sent telephone facsimile messages of material advertising the commercial availability of any property, goods, or services by or on behalf of Defendant, (3) with respect to whom Defendant did not have prior express permission or invitation for the sending of such faxes, and (4) with whom Defendant did not have an established business relationship.

43.    A class action is proper in that:

(a)    On information and belief the class consists of thousands of persons in Illinois and throughout the United States and is so numerous that joinder of all members is impracticable.

10

(b)     There are questions of fact or law common to the class predominating over all questions affecting only individual class members including:

(i)     Whether Defendant engaged in a pattern of sending unsolicited fax advertisements;

(ii)    The manner and method Defendant used to compile or obtain the list of fax numbers to which it sent Exhibit A and other unsolicited faxed advertisements;

(iii)   Whether Defendant's practice of sending unsolicited faxed advertisements violates Illinois public policy;

(iv)    Whether Defendant's practice of sending unsolicited faxes is an unfair practice under the Consumer Fraud Act; and

(v)     Whether Defendant should be enjoined from sending unsolicited fax advertising in the future.

44.     Plaintiff will fairly and adequately protect the interests of the other class members. Plaintiff has retained counsel who are experienced in handling class actions and claims involving lawful business practices. Neither Plaintiff nor Plaintiff's counsel have any interests adverse or in conflict with the class.

45.     A class action is an appropriate method for adjudicating this controversy fairly and efficiently. The interest of the individual class members in individually controlling the prosecution of separate claims is small and individual actions are not economically feasible.

46.     Defendant's unsolicited fax practice is an unfair practice, because it violates public policy, and because it forced Plaintiff and the other class members to incur expense

11

without any consideration in return. Defendant's practice effectively forced Plaintiff and the other class members to pay for Defendant's advertising campaign.

47.    Defendant violated the unfairness predicate of the Act by engaging in an unscrupulous business practice and by violating Illinois statutory public policy, which public policy violations in the aggregate caused substantial injury to hundreds of persons.

48.    Defendant's misconduct caused damages to Plaintiff and the other members of the class, including the loss of paper, toner, ink, use of their facsimile machines, and use of their employees' time.

49.    Defendant's actions caused damages to Plaintiff and the other class members because their receipt of Defendant's unsolicited fax advertisements caused them to lose paper and toner consumed as a result. Defendant's actions prevented Plaintiff's fax machine from being used for Plaintiff's business purposes during the time Defendant was using Plaintiff's fax machine for Defendant's illegal purpose. Defendant's actions also cost Plaintiff employee time, as Plaintiff's employees used their time receiving, routing, and reviewing Defendant's illegal faxes and that time otherwise would have been spent on Plaintiff's business activities.

WHEREFORE, Plaintiff, IRA HOLTZMAN, individually and on behalf of all others similarly situated, demands judgment in his favor and against Defendant, NORTH AMERICAN PROFESSIONAL LIABILITY INSURANCE AGENCY, LLC, as follows:

A.    That the Court adjudge and decree that the present case may be properly maintained as a class action, appoint Plaintiff as the class representative, and appoint Plaintiff's counsel as counsel for the class;

B.    That the Court award damages to Plaintiff and the other class members;

C.    That the Court award attorney fees and costs;

D.    That the Court enter an injunction prohibiting Defendant from sending unsolicited faxed advertisements to Illinois consumers; and

E.    Awarding such further relief as the Court may deem just and proper, but in any event, not more than $75,000.00 to any individual member.

Respectfully submitted,

IRA HOLTZMAN, individually and as the representative of a class of similarly-situated persons

By:   _____
      One of Plaintiff's Attorneys

Brian J. Wanca
ANDERSON + WANCA
3701 Algonquin Road, Suite 760
Rolling Meadows, IL 60008
Telephone: 847/368-1500
Attorney No. 51306

Phillip A. Bock
DIAB & BOCK, LLC
134 N. LaSalle Street, Suite 1000
Chicago, IL 60602
Telephone: 312/658-5500
Attorney No. 42073

**EXHIBIT A**

# North American

Professional Liability Insurance Agency
Toll Free Phone: (866) 386-2544  Toll Free Fax: (866) 386-2545
www.naplia.com

---

### Facsimile Transmittal Sheet (4 pages)

---

**TO:**   Ira Holtzman or Firm Administrator
Ira Holtzman CPA & Assoc Ltd
18474984873

**FROM:**   Tom Schrandt

**RE:**   No Obligation—*Professional Liability Quotation*

---

*Are you paying more than you need to for your firm's Professional Liability Insurance?*

### *Tired of "dealing" with renewing your coverage during tax season??? Let us quote you a 15 month policy that will extend your renewal date to a more appropriate time!!!*

Significant changes in the marketplace have generated opportunities for many CPA firms to improve their coverage, and lower their premiums.

Your firm's Professional Liability Policy is up for renewal, and comparing your present coverage and premium pricing is always a chore for most accounting firms.

North American Professional Liability Insurance Agency (N.A.P.L.I.A.) has developed the perfect solution. We can provide a no obligation quote for your firm's professional liability insurance in any of the following ways:

1.) **Fax (toll free):** your renewal application along with your current declarations page to (866) 386-2545 and we will prepare an indication.

2.) **Attached Form:** Fill out the attached form, and we will return fax our indication/quote within three--five business days.

3.) **Phone (toll free):** Dial (866) 386-2544; many indications can be done right over the phone.

4.) **E-mail:** us at toms@naplia.com, and we will reply with our simple, no obligation e-mail questionnaire form.

North American Professional Liability Insurance Agency (N.A.P.L.I.A.) is a specialized firm of professional liability insurance brokers offering a full range of services to professionals. NAPLIA represents several A+ rated carriers and will coordinate your firm's coverage needs with the most cost effective solution.

We look forward to earning your business by delivering bottom line value.

To have your firm removed from future marketing campaigns, please dial 1-866-271-0872.

CONSTABLES OFFICE OF NJ

To: Ira Holtzman or Firm          From: NAPLIA3/4          02/05/2008 3:01 PM                    P. 2 of 4

Attention: Tom Schrandt                              Fax: 1-866-386-2545

| Firm: | | Contact | |
|---|---|---|---|
| Address: | | | |
| City: | State | Zip: | Email: |
| Phone: | Fax: | Web Site: | |

**\*\*\*\*Annual Fees: $** _____ Year _____
Number of accountants (with years at current firm):

|  | F/Time C | F/Time O | P/Time O/C |
|---|---|---|---|
| 5+ years: | | | |
| 4 years: | | | |
| 3 years: | | | |
| 2 years: | | | |
| 1 year: | | | |
| Total: | | | |

C=CPA's, O= other professional

Renewal Date: _____

**Within the past 5 years:**

Has the firm provided services to a client that is engaged in the issuance, offering, registration or sale of securities or bonds; or provided clients with forecasts or projections for inclusion in sales literature, etc., of any securities or bonds?

Has any member of the firm had an accounting license or authority to practice accounting revoked, or been subject to disciplinary action, fine reprimand, or criminal penalty related to performance of professional services?    YES ☐ NO ☐

Has the firm sued for fees in the last two years?        \*\*YES ☐ NO ☐

\*\* If yes; please provide details on separate sheet of paper

Insurance Company _____

Limit:$ _____ / _____ Outside Limits YES ☐ Deductible:$ _____ Loss Only YES ☐ Premium:$ _____

What is the retroactive date on your current policy?  ___/___/___ ☐ None ☐ N/A (or attach'd declarations page)

Approximate percentages of income received from the following activities for the last annual period:

| Activity | % | Activity | % |
|---|---|---|---|
| Audit: Public Companies (Must fill out full application) | | Litigation Support | |
| Audit: Other | | Management Advisory Services\* | |
| Review | | Assurance Services\* | |
| Compilation | | Financial Planning | |
| Bookkeeping | | Asset Management | |
| Tax | | Sale of Mutual Funds | |
| Business Valuation | | SEC Related Services | |
| Computer Consulting | | Other\* | |
| ERISA | | Total | 100 |
| \* Describe | | | |

On what date was the firm established? _____ In the past 3 years, how many firm members attend a loss control seminar? _____

**CLAIMS HISTORY (within the past five years):**  ☐ None          Engagement Letters used for attestation  YES ☐ NO ☐

| Status | ☐ Open ☐ Closed | ☐ Open ☐ Closed | ☐ Open ☐ Closed |
|---|---|---|---|
| Date Reported | | | |
| Reserve Amount | $ | $ | $ |
| Amount Paid | $ | $ | $ |

CONSTABLES OFFICE OF NJ                                                          ☒ 022/023

To: Ira Holtzman or Firm          From: NAPLIA3/4          02/05/2008 3:01 PM                    P. 3 of 4



NAPLIA

North American
Professional
Liability
Insurance
Agency

## ...experts in accountant's professional liability insurance!

**North American Professional Liability Agency (NAPLIA)** is a national brokerage firm that specializes in accountant's professional liability insurance. NAPLIA represents several "A" rated insurance carriers and will coordinate your firm's specific coverage needs with the most cost effective solution!



### CPA GOLD PROGRAM--AUTOMATIC COVERAGES

| | |
|---|---|
| Broad Professional Services Definition | |
| **Alternative Dispute Resolution (ADR)** | CPA*Gold*™ will waive 100% of the deductible (up to $25,000 each claim) if ADR is used to settle a claim. |
| Additional Loss Mitigation Provisions | |
| **Supplementary Payments Coverage** | • $500 per insured per day for loss of earnings in relation to a covered claim up to $10,000 per policy period. <br> • $5,000 per policy period for defense expenses you incur in responding to a disciplinary proceeding. <br> • Expenses incurred in responding to subpoenas for documents or testimony. <br> **Also, such payments are in addition to the limits of liability and are not subject to the deductible.** |
| Coverage for Punitive Damages | |
| **Covered Territory** | CPA*Gold*™ policy applies to claims brought against you anywhere in the world. |
| Subsidiary Coverage | |
| **Outside Interests** | CPA*Gold*™ covers professional services performed for an entity even if an insured is an officer, director, general partner or manager of the entity, or of which the insured or spouse has a 10% or less equity in such client (unless the services are audits or reviews). |

(over)

CONSTABLES OFFICE OF NJ                                    ☑ 023/023

To: Ira Holtzman or Firm        From: NAPLIA3/4        02/05/2008 3:01 PM                    P. 4 of 4

## CPA GOLD PROGRAM—OPTIONAL FEATURES

| **Separate Limit for Claims Expenses** | A separate and equal limit of liability is available for claim expenses. |
| --- | --- |



| **Additional Optional Coverages** | • Specific coverage endorsement for Personal Financial Planners<br>• Specific coverage endorsement for Life Insurance Agents<br>• Specific coverage endorsement for Real Estate Agents<br>• Specific coverage endorsement for Broadcasters Liability |
| --- | --- |

This information is intended to provide a general overview of the coverages described. Only the insurance policy and any coverage quotation offered can give actual terms, coverage, conditions and exclusions.

## AVAILABLE NAPLIA PROGRAMS/UNDERWRITING COMPANIES

## SERVICE/EXPERIENCE



| **Claims Service** | New York Marine and General Insurance Company utilizes experienced claims representatives trained in handling professional liability claims and has an extensive network of legal defense firms across the USA. |
| --- | --- |

| **Tom Schrandt**<br>**Vice President** | Tom has almost 9 years of insurance experience including special expertise within the accountant's professional liability segment. He is a licensed insurance broker in 22 states. Tom provides the agency with valuable insight and experience from his past role as a sales manager on a nationally endorsed accountant's professional liability program. |
| --- | --- |